IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **NO. 1:24-CV-125-DMB-DAS**

**KHI PRINTING; and**
**EBONY JONES, individually**     **DEFENDANTS**

## ORDER

On July 8, 2024, the United States of America filed a complaint against KHI Printing and Ebony Jones, individually, in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon KHI's receipt of Paycheck Protection Program ('PPP') funds to which it was not entitled." Doc. #1 at PageID 1. The complaint alleges that KHI, through misrepresentations "by and through its sole member Ebony Jones," received PPP loan proceeds in the amount of $20,833.33, for which the Small Business Administration paid $2,500.00 to the financial institution involved, and that based on false statements by Jones, the financial institution was reimbursed by the SBA. *Id*. at PageID 6.

On July 31, 2024, the government voluntarily dismissed without prejudice its claims against KHI. Doc. #3 at PageID 16. The same day, a "Joint Motion for Entry of Consent Judgment" was filed in which the government and Jones represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed [consent judgment]." Doc. #5 at PageID 20. The joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Jones who appears pro se. *Id*.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Jones to pay $23,561.34 plus interest and a $405.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [5] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.[1]

**SO ORDERED**, this 1st day of August, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] In what the Court deems as scrivener's errors, the wrong division in this district is listed in the caption of the proposed consent judgment—as well as in the caption of the joint motion and in the caption of the notice voluntarily dismissing Jones—because this is an Aberdeen Division case, not an Oxford Division case. *See* Doc. #3 at PageID 16; Doc. #5 at PageID 20. The Court will correct the error on the proposed consent judgment before entering it.